

November 22, 2024

**VIA ELECTRONIC FILING**

The Honorable Philip M. Halpern
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

> Applications granted. The documents filed at Doc. 78 and Doc. 79 shall remain under seal. Defendant is directed to submit, for the Court's *in camera* review, the unredacted version of the documents marked as HMA_000796 -- HMA_000806 highlighting that which was redacted for privilege. Defendant shall submit those documents via email to HalpernNYSDChambers@nysd.uscourts.gov by 12/3/2024.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> November 27, 2024

**Re:** *Arthur Glick Truck Sales, Inc. v. Hyundai Motor America*
  Civil Action No: 7:22-cv-01213

Dear Judge Halpern:

Pursuant to Rule 5(b) of the Court's Individual Rules of Practice and Paragraph 9 of the Stipulated Confidentiality Agreement and Protective Order in this case, signed on August 5, 2022 (ECF No. 20), Plaintiff Arthur Glick Truck Sales, Inc. ("Glick") respectfully requests leave to file under seal its papers in opposition to the motion *in limine* of Defendant Hyundai Motor America ("HMA") and for an order directing HMA to provide in unredacted form Glick's proposed trial Exhibit 30, which is an email from David O'Brien to Katie Neville, dated November 3, 2020 (HMA_0008000) (the "Disputed Communication"), for the Court's *in camera* review. In addition, in light of HMA's position in its motion *in limine*, HMA should also be directed to provide all of the related communications (HMA_000796 – HMA_000805) for *in camera* review.

HMA's motion *in limine* seeks to preclude Glick from introducing at trial the Disputed Communication because HMA argues that it is protected by the attorney-client privilege. Glick maintains that the Disputed Communication is not protected by the attorney-client privilege.

To explain why the Disputed Communication is not protected by the attorney-client privilege, Glick's papers in opposition to HMA's motion *in limine* thoroughly analyze the contents, subject matter, and context of the Disputed Communication. Such a dissection and analysis of the Disputed Communication is required for Glick to demonstrate why the attorney-client privilege does not apply to the Disputed Communication. Doing so, however, if filed for public view, would, of course, reveal the purported privileged communications. Accordingly, we request that Glick's opposition papers be accepted, as filed, under seal.

It is well-established that the determination of the applicability of the attorney-client privilege is a fact intensive inquiry that requires a full embrace of the underlying communication's contents, subject matter, and context. *See, e.g., Rossi v. Blue Cross & Blue Shield of Greater N.Y.*, 73 N.Y.2d 588, 593-94 (1989) ("[N]o ready test exists for distinguishing between protected legal

Attorneys At Law | A Professional Limited Liability Company

November 22, 2024
Page 2

communications and unprotected business or personal communications; the inquiry is necessarily fact-specific."); *see also Cal. Union Ins. v. Nat'l Union Fire Ins.*, No. 86-CV-609, 1989 WL 48413 (N.D.N.Y. Apr. 27, 1989) (citing *Priest v. Hennessy*, 51 N.Y.2d 62 (1980)) ("The New York Court of Appeals has further noted that in determining the application of the attorney-client privilege, much will depend upon the circumstances of each case.").

As such, to ensure that Glick can provide the Court with a full, robust, and unstifled analysis of the Disputed Communication, Glick respectfully requests that the Court grant it leave to file under seal its papers in opposition to HMA's motion *in limine*.

Further, Glick maintains that the Court cannot resolve the parties' dispute regarding whether the Disputed Communication is protected by the attorney-client privilege without the Court reviewing and analyzing the Disputed Communication in unredacted form *in camera*. However, HMA, as the movant seeking to preclude the introduction at trial of the Disputed Communication, and the party that bears the burden of establishing the applicability of the attorney-client privilege to the Disputed Communication, did not provide the Court with an unredacted version of the Disputed Communication.

Around 3:00 PM on November 20, 2024, I met and conferred with Mr. Sullivan about Glick's position that an unredacted copy of the Disputed Communication should be filed under seal for the Court's *in camera* review and requested that HMA submit to the Court an unredacted copy of the Disputed Communication. Mr. Sullivan rejected my request to submit an unredacted copy of the Disputed Communication with the Court, indicating that he believes that the Court can resolve HMA's motion *in limine* concerning the Disputed Communication on basic principles of attorney-client privilege and because of Glick's failure to comply with the procedure outlined in the Stipulated Confidentiality Agreement and Protective Order. Given the parties' disagreement, Glick also respectfully requests that the Court direct HMA to provide the Disputed Communication (along with all related communications) to the Court for *in camera* review.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*/s/ Timothy N. McMahon*

Timothy N. McMahon

CC:   All Counsel of Record (Via Electronic Filing)

18743027